**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **CIVIL ACTION NO. 10-0560-CG-B**

The Contents of Bank of America Account No. 9163 in the name of **Compu-Cell, LLC, including and up to $50,000.00,**

**Defendant.**

**ORDER**

This matter is before the court on the motion of Compu-Cell, LLC, to file an amended answer (Doc. 45), plaintiff's opposition thereto (Doc. 48), and Compu-Cell's reply (Doc. 49). For reasons that will be explained below, the court finds that Compu-Cell has not shown "good cause" for allowing it to file an amended answer. Therefore, Compu-Cell's motion to amend will be denied.

Compu-Cell seeks to amend its answer to include the affirmative defense that Compu-Cell is the innocent owner of the funds seized by the Government. Under the Rule 16(b) Scheduling Order, the deadline for moving for leave to amend the pleadings expired on December 16, 2011, over eight months before plaintiff filed its

current motion. (Doc. 22). Although motions for amendment of pleadings are ordinarily governed by the liberal amendment policy embodied in FED. R. CIV. P. 15(a), the more stringent Rule 16(b) test applies where, as here, the request for amendment postdates the applicable scheduling order deadline. See Millennium Partners, L.P. v. Colmar Storage, LLC, 494 F.3d 1293, 1299 (11th Cir. 2007) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.") (citation omitted); Smith v. School Bd. of Orange County, 487 F.3d 1361, 1367 (11th Cir. 2007) ("despite Smith's argument on appeal that the district court should have granted his motion to amend his complaint in accordance with ... Rule 15(a), Smith still had to comply with Rule 16(b)'s good cause requirement because he filed his motion to amend" after the scheduling order deadline).

Compu-Cell seeks to amend its answer after the expiration of the Rule 16(b) deadline; therefore, it is effectively asking to amend the Scheduling Order. But the rule is clear that such scheduling order deadlines "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The "good cause" standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998); see also Romero v. Drummond Co., 552 F.3d 1303,

1319 (11th Cir. 2008) ("To establish good cause, the party seeking the extension must have been diligent."). This rule is strictly enforced. See Will–Burn Recording & Pub. Co. v. Universal Music Group Records, 2009 WL 1118944, *2 n. 5 (S.D. Ala. Apr. 27, 2009) ("Particularly where a nonmovant objects to a proposed amendment as untimely under the applicable scheduling order, this Court has strictly applied the Rule 16(b) 'good cause' standard to belated amendments to the pleadings.").

Plaintiff asserts that the Government knew that it intended to assert that it was an innocent owner and, therefore, that the Government will suffer no prejudice. However, even if Compu-Cell is correct, the standard for allowing an amendment after the Rule 16(b) deadline has expired is "good cause," not lack of prejudice. Compu-Cell was not diligent since it knew of the affirmative offense before the deadline. See Wolk v. Kodak Imaging Network, Inc., 840 F.Supp.2d 724, 735 (S.D. N.Y. Jan. 3, 2012) ("The good cause standard is not satisfied when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline.") (citation omitted); Kendall v. Thaxton Road LLC, 443 Fed.Appx. 388, 393 (11th Cir. Sept. 7, 2011) (no good cause for untimely amendment where "the facts with which Kendall wished to amend his complaint were known to Kendall at the time he filed his initial complaint"). This case is set for trial in September and the proposed joint pretrial document (Doc. 47), has already been filed with the court. Even if the Government had anticipated that Compu-Cell

might assert the affirmative defense, it could not fully defend against it because it had not, in fact, been asserted. As the Government argues, if the affirmative offense had been asserted, it would have explored the issue further and would have had the opportunity to file a motion for summary judgment. Discovery closed on May 31, 2012 and the time for filing dispositive motions expired on June 15, 2012. (Doc. 29). Additionally, the Government states that it would be required to bring additional witnesses and exhibits to trial to refute the defense. Even if no additional discovery was needed, allowing the amendment at this late date would still require a delay in the proceeding to allow the Government an opportunity to fully oppose the affirmative defense.

Compu-Cell contends that its failure to assert the affirmative defense earlier is the result of "excusable neglect." However, courts in this circuit have refused to allow amendments where the movant claims excusable neglect but cannot show diligence. See Sosa v. Airprint Sys. Inc., 133 F.3d 1417, 1418 n. 2 (11th Cir.1998) (quoting FED.R.CIV.P. 16 advisory committee's note and rejecting excusable neglect standard); Ball v. UNUM Group Corp., 2011 WL 2224784, *2 (M.D. Ala. June 8, 2011) ("The Defendants do not purport to have acted diligently, but instead merely state that their conduct in failing to timely-amend was excusable neglect. Accordingly, the Defendants in this case have not met their burden to show good cause, and their motions are due to be DENIED on that basis."); Ex rel. Miller v.

Thrifty Rent–A–Car System, Inc., 609 F.Supp.2d 1235, 1252 (M.D. Fla. 2009) ("when a party files a motion for leave to amend a pleading after the relevant scheduling order deadline has passed, the party must demonstrate both good cause and excusable neglect for the untimely motion"). Since Compu-Cell has not demonstrated good cause, its claim of excusable neglect does not adequately support its motion for leave to amend at this late date.

## CONCLUSION

For the reasons stated above, plaintiff's motion for leave to file an amended answer (Doc. 45), is **DENIED.**

**DONE and ORDERED** this day of August, 2012

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE